**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

FRANKLIN ARMIJO,

          Plaintiff,

v.                                           CV 14-610 RB/WPL

VALERIE PACHECO,

          Defendant.

**ORDER TO COMPEL AND PROTECTIVE ORDER**

This matter comes before me on Franklin Armijo's First Motion to Compel Discovery. (Doc. 35.) Defendant Valerie Pacheco filed a response (Doc. 39), and Armijo filed a reply (Doc. 42). The matter first arose in this Court at a status conference on January 21, 2015, at which the parties indicated that they could not agree to a protective order for certain personnel and pre-employment records for Pacheco. (*See* Doc. 34.) Armijo now requests that I compel Pacheco to produce documents pursuant to Federal Rules of Civil Procedure 34 and 37. As explained below, I grant Armijo's motion subject to a protective order, described herein.

Armijo seeks to compel production of Pacheco's entire personnel file, "including her training records, pre-employment background section report and psychological screening testing, interview and her polygraph(s.)" (Doc. 35.) The parties agree that the psychological testing was part of Pacheco's application and screening process to become a police officer. Pacheco responded to the initial request for production by stating, after an initial objection, that she would "provide a copy of [the] files, not including the background report, psychological exam or polygraph examination, subject to the terms and conditions" of a propose protective order. (Doc. 35 Ex. 1 at 4.) Pacheco responded to Armijo's motion to compel by arguing that the requested

documents are not relevant and that Pacheco has a right to privacy in the background file, by asserting physician-patient privilege with regard to the psychological testing records, and by arguing in the alternative that the records should be subject to a protective order. (Doc. 39.) Pacheco subsequently produced her training records and the public, redacted portions of her personnel file. (Doc. 39 Ex. A.) Armijo replied arguing that the documents are relevant and not subject to privilege, and even if the documents are confidential, that does not render them undiscoverable. (Doc. 42.)

Federal Rule of Civil Procedure 26(b)(1) allows discovery of any nonprivileged matter that is "relevant" to any party's claim or defense, provided such discovery appears "reasonably calculated to lead to the discovery of admissible evidence." At the motion to compel stage, the proponent of the motion bears the initial burden of showing that the information sought is relevant. *Metzger v. Am. Fid. Assurance Co.*, No. CIV-05-1387-M, 2007 WL 3274934, at *1 (W.D. Okla. Oct. 23, 2007) (unpublished) (citations omitted).

I find that Armijo has made a colorable initial showing of relevance through his assertion that the undisclosed portions of Pacheco's record could go to pattern, credibility, or competence. (*See* Doc. 35 at 3-4; Doc. 42 at 2-3.) There is no claim of privilege asserted to the documentation in this file that is not psychological testing. (*See* Doc. 39.) Therefore, Pacheco shall produce that portion of the file subject to the protective order included in this Order. However, I find no basis for the Court to compel production of social security numbers, Pacheco's or other employees' home addresses or home telephone numbers, or the names, addresses, or phone numbers of minor children and other family members. Thus, these documents may be produced in redacted form to exclude that information.

Pacheco's argument as to the psychological testing information and other portions of her background file is confusing. She seems to assert the psychotherapist-patient privilege with regard to the psychological evaluations, and assert a "personal information" expectation of privacy in the remaining records. (*Id.* at 6-8.) As to the non-psychological records, they are subject to discovery, as mentioned above, under a protective order.

There is a recognized privilege "protecting confidential communications between a psychotherapist and her patient," however, the privilege is intended to "serve[] the public interest by facilitating the provision of appropriate treatment for individuals suffering the effects of a mental or emotional problem." *Jaffee v. Redmond*, 518 U.S. 1, 9-11 (1996). In this case, there is no claim of a treatment relationship between Pacheco and the individual or individuals who conducted her psychological testing. Pacheco does not claim that she ever sought treatment. On that basis, I cannot conclude that these records are of the type intended to be covered by the psychotherapist-patient privilege. Therefore, Pacheco shall produce these records under a protective order and may redact social security numbers and other information outlined above.

As to the protective order, the parties appear to agree that such an order is appropriate, but disagree as to the terms. Armijo seeks the opportunity to "challenge" that a produced document is "confidential" and subject to the protective order, arguing that otherwise Pacheco could designate anything as "confidential." (Doc. 35; Doc. 35 Ex. 6.) I am not persuaded that entering a protective order without a "challenge" procedure would somehow allow Pacheco to abuse the discovery process.

Therefore, it is ordered that Pacheco shall produce all portions of her pre-employment background section report and psychological screening testing, interview and her polygraph(s.)[1] Pacheco may redact social security numbers, Pacheco's or other employees' home addresses or home telephone numbers, or the names, addresses, or phone numbers of minor children and other family members.

Armijo and his respective attorneys of record shall return the contents of the compelled documents within thirty days of the resolution of this lawsuit. Armijo and his respective attorneys of record shall purge all copies of the contents of the compelled documents within thirty days of the resolution of this lawsuit. Armijo and his respective attorneys of record shall not disclose or produce the contents of the compelled documents to any non-party at any time, except for investigators, any experts, and/or consultants retained by the parties in this matter. Armijo and his respective attorneys of record shall not attach any of the contents of the compelled documents as exhibits to depositions or to motions filed with this Court unless the depositions or motions are filed under seal. Armijo and his respective attorneys of record shall not refer to or mention any of the contents of the compelled documents in any pleadings filed with this Court, unless those pleadings are filed under seal or filed so that only the Court and the parties of record can view the filings. Armijo and his respective attorneys of record shall only use the information contained in the compelled documents for purposes of this lawsuit: the information in the compelled documents is not to be used or disclosed in any other proceedings, litigation, depositions, and/or hearings which are not a part of No. 1:14-cv-00610-RB-WPL.

This protective order applies only to the documents compelled to be produced under this Order.

---

[1] I note that Pacheco has already produced her training records, therefore such records are not subject to this Order.

IT IS SO ORDERED.

William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.